IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 25-31476 |
| NAUMAN ALI | § | Chapter 7 |
| | § | |
| Defendants | § | |
| | § | |
| SHABANA WADIWALA | § | |
| Plaintiff | § | |
| v. | § | ADVERSARY PROCEEDING |
| | § | NO. _____ |
| NAUMAN ALI | § | |
| Defendant | § | |

**COMPLAINT SEEKING JUDGMENT ON CLAIMS AND
EXCEPTION TO DISCHARGE OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(6)**

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Shabana Wadiwala ("Ms. Wadiwala" or "Plaintiff") and hereby presents this *Complaint Seeking Judgment on Claims and Exception to Discharge of Debt* against Nauman Ali (the "Defendant", "Defendant" or "Mr. Ali") pursuant to 11 U.S.C. § 523(a)(2)(4), & (6) and respectfully represents as follows:

**SUMMARY**

Mr. Ali engaged in a two-front scam against Plaintiff: Part I was what is commonly referred to as a romance scam. Part II was an investment scam in which Defendant made material misrepresentations to Plaintiff verbally and in writing to induce her into loaning him money including i) that he owned property that he did not own, ii) that he was engaged in investment business he was not actually engaged in, iii) that he had never been sued when he was in in fact in the middle of lawsuits he was participating in, iv) providing a false address, v) failing to disclose to Plaintiff that he was married despite the misleading communications of possible marriage between Plaintiff and Defendant, and vi) that his financial condition was far different than it actually was.

1

*False Schedules:* Plaintiff would also show Defendant has made false representations in his bankruptcy sworn schedules. For instance, Defendant lists himself as single and unemployed. However, on information and belief Defendant married Rahma Hashmi in October 2023, yet Defendant schedules no spouse, no income for a spouse, and no vehicles, yet regularly drives a vehicle.

Defendant has listed a 100% interest in A&R Construction and Home, LLC in his schedules. This LLC was formed December 2023 – only 2 months after Mr. Ali appears to have married Rahma Hashmi and also 1 month after he asked Plaintiff "how soon would you want to get married?" The business has one member and manager, Defendant's wife Rahma Hashmi, although Defendant lists himself as 100% owner. **DK# 9, p. 5.**

Further, there is another LLC, RAH48 Solutions, LLC, in the name of Rahma Hashmi. Defendant discloses no interest in this LLC. The address for that business is the same as Defendant's principal residence address, 20810 Fair Walnut Way, Katy, TX 77449. This LLC was established November 6, 2024.

Defendant and his spouse entered into a joint lease September 29, 2024 for their current residence at 20810 Fair Walnut Way, Katy, TX 77449.

Defendant's former Connecticut LLC, to which Plaintiff wired the investments funds, A-1 Remodeling LLC, was dissolved November 20, 2024, just under two weeks after this new RAH48 Solutions, LLC was established in Texas.

These are just some initial examples of the misrepresentations that have been made.

*Claims:* i) breach of contract, ii) breach of fiduciary duty, iii) fraud / fraud in the inducement, iv) money had and receive, and v) and nondischargeable debt pursuant to 11 U.S.C. § 523.

*11 U.S.C. § 523*: By false pretenses and false representations, Mr. Ali induced Ms. Wadiwala to loan him $87,500.00 which Mr. Ali again and again assured Ms. Wadiwala she "would never lose". Mr. Ali claimed to be using the funds for investments and that she would receive a return on her funds plus shared profits within months, but never did. The evidence and testimony will show Mr. Ali did not use the funds as represented and acquired them through false pretenses and used the funds for his personal use. Plaintiff would show Defendant regularly takes vacations and that even while in this current bankruptcy case has continued soliciting funds from other parties.

*Prayer:* Ms. Wadiwala seeks judgment for $87,500.00 as of November 10, 2023 and that such debt be declared non-dischargeable under 11 U.S.C. § 523. Plaintiff further seeks pre and post judgment interest, attorney fees, and costs of court.

# I.
# JURISDICTION

1. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 523.

# II.
# THE PARTIES

2. Plaintiff, Shabana Wadiwala, is a citizen of Texas who resides in Harris County, Texas.

3. Defendant, Nauman Ali, is an individual residing in Harris County, Texas, who may be personally served with citation at 20810 Fair Walnut Way, Katy, TX 77449.

# III.
# FACTS

4. Plaintiff met Defendant on a religious dating app in May 2023.

5. Mr. Ali represented that he was a property investor and while communicating with Ms. Wadiwala about dating, he began to suggest to her that she should invest with him. He assured her of significant profits and risk-free investment. For example, on November 9, 2023, he wrote to her, "One thing is no matter what happens in any deal, or any money you have given me, or will give me in future to invest I can promise you one thing you will never lose your money."

6. In July 2023, Mr. Ali showed Ms. Wadiwala pictures and data regarding what he represented as one of his latest investments, 11910 Riverview Dr, Houston, TX 77077. The real property records show that neither Mr. Ali nor any LLC he has listed an interest in has ever owned this property. It is currently owned by Broadacres Capital, LLC, which is scheduled as another creditor of Mr. Ali in the amount of $210,000.00. **DK# 9, p. 19.** Its sole manager and director is one Jonathan J Paull. The Property was last sold August 19, 2022 under MLS # 30687318.

3

7. In July 2023, Mr. Ali sent Plaintiff information regarding a new investment opportunity for "11022 Vanilla Ridge Ct, Houston, TX". This is not a valid address. While it's possible it was just a typo, Mr. Ali would go on to use this nonexistent address multiple times in communications. The closest address is "11002 Vanilla Ridge Ct".

8. Mr. Ali represented the following investment data:

| | |
|---|---|
| Asking Price: | $165,000.00 |
| Rehab Estimate: | $50,000.00 |
| Value after Rehab: | $319,000.00 |
| Fees: | $18,000.00 |
| Net Profit: | $77,000.00 |

9. Ms. Wadiwala inquired why the house was not actually showing on MLS as listed for sale. Mr. Ali responded, "I buy off market deals pre foreclosure, deals".

10. Ms. Wadiwala inquired how Mr. Ali found such deals and he provided explanations of succinctly knowing people in the business.

11. In August 2023, Mr. Ali drafted a "Partnership Agreement" for Plaintiff's review. Mr. Ali backdated the agreement to May 22, 2023, but within the drafted agreement Mr. Ali represented that "Nauman Ali the owner will take an investment amount of $30,000 towards the rehab of the property in return for a profit of $14,000 after all fees, dues realtor commissions, holding cost and expenses." The estimated timeframe was 6-8 weeks. Notably, Mr. Ali represented that he was the <u>owner</u> of the property in question when in fact he was not. And he again listed a false address, showing it as "11022 Vanilla Ridge Ct" when there is no such address. The document actually has this false address twice, so in addition to the incorrect address on the text message, this is indicative it was not a typo, but actual intent.

12. Even assuming it was a typo, the real property records show that Neither Mr. Ali nor any LLC he owned or managed has ever owned 11002 Vanilla Ridge Court, Houston, Texas.

It is currently in the name of Summit Global Services LLC, a Texas Domestic LLC managed by APEX Global Enterprise, LLC, an LLC out of Wyoming. Mr. Ali appears to have no relationship with this LLC.

13. Further, this property was NOT for sale in 2023. Its last for sale listing was November 2, 2020 showing sale price $178,000.00. **Ex. A – MLS History 11002 Vanilla Ridge Court.** A deed was recorded in 2022 into the current owner's name, Broadacres Capital, LLC.

14. After various conversations, including numerous assurances of the safety of her investment, Ms. Wadiwala agreed to invest her savings with Mr. Ali. On August 3, 2023, Plaintiff wired a Connecticut LLC named "A1 Remodeling LLC" $30,000.00. This business is managed by "Sheikh Ali", an aka of the Defendant Nauman Ali. On information and belief, the Defendant has a brother named Sheikh Ali who Plaintiff believes managed this LLC along with Defendant. The LLC has since forfeited its existence in November 2024. **Ex. B – A1 Remodeling.**

15. Despite having drafted the backdated May 22, 2023 Partnership Agreement, Mr. Ali failed and/or otherwise refused to sign and return it as agreed. However, he readily accepted the $30,000.00 from Plaintiff.

16. Over the course of the next few weeks, Mr. Ali continued leading Plaintiff to believe he was interested in marriage. For example, on August 5, 2023, just days after Plaintiff sent the first $30,000.00, Mr. Ali asked about her family. He told Plaintiff he had told his parents about her. He sent text messages such as:

- Ali: So let's go you ready?
- Plaintiff: Where?
- Ali: To get married

17. A few weeks later, Mr. Ali called Plaintiff and explained he also had another project he was working on and was short on funds for remodeling. Mr. Ali asked if Plaintiff would be willing to invest $22,500.00 in that project. Mr. Ali promised Plaintiff a return of $7,000.00 profit. However, Plaintiff was not amenable to further investment. She had already invested a significant amount of her savings with Mr. Ali.

18. Mr. Ali then promised Plaintiff a $10,000.00 return and applied emotional guilt that because they were purportedly in a burgeoning relationship with marriage in mind, Plaintiff should be willing to assist him with his investments. Mr. Ali assured Plaintiff she would have her investment and profit back within approximately a month as the project was purportedly near completion.

19. Plaintiff, believing that Mr. Ali was serious in his discussions of possible future marriage and that he was being truthful about his financial condition and investments, agreed to loan Mr. Ali further funds for the alleged investment.

20. On August 29, 2023, Plaintiff wired A-1 Remodeling LLC $22,500.00 for the second project.

21. Plaintiff began to grow concerned when the timelines for the return of investment and profits came and went and Mr. Ali had still not paid back any funds to Plaintiff. At one point she inquired why there was such a significant delay. Mr. Ali then again promised her that no matter what, she would never lose money with him.

22. In November 2023, Mr. Ali approached Plaintiff about yet another new investment opportunity, 8310 Argentina, Jersey Village, Texas 77040. Mr. Ali represented:

| | |
|---|---|
| Purchase Price: | $210,000.00 |
| Rehab: | $65,000.00 |
| Post Rehab Value: | $425,000.00 |
| Requested Investment: | $35,000.00 |

23. While soliciting these funds, Mr. Ali also inquired "Tell me realistically how soon would you want to get married?  Also would you be open to engagement first for a little bit until we ready".

24. Plaintiff believed that Mr. Ali was being truthful, both in his representations of the investments and in his intentions for marriage.  Little did she know that information now suggests that Defendant had already married another woman the month prior.  Plaintiff has now heard from multiple parties who state Defendant married Rahma Hashmi in a religious ceremony October 2023.

25. As stated in the summary, Mr. Ali's now wife, Rahma Hashmi, set up an LLC named A&R Construction and Home, LLC <u>December 16, 2023</u>.  **Ex. C – A&R Construction and Home, LLC.**  Defendant has listed this LLC as his in his bankruptcy schedules with 100% ownership.  **DK# 9, p. 5.**

26. Plaintiff, who was not aware of these facts at the time, reluctantly invested with Defendant a third time.  On November 10, 2023, Plaintiff wired A-1 Remodeling LLC $35,000.00 for this latest investment Defendant has presented.

27. The months went on, but Plaintiff did not receive either a return of any of her invested funds, nor any profit.  During this time, Mr. Ali continued assuring Plaintiff her funds were safe and sending her romantic text messages, emails, and having phone calls.

28. In February 2024, months after Rahma Hashmi established the new LLC Defendant claims is his, and months after it is now believed Defendant married Ms. Hashmi, Mr. Ali was sending Plaintiff Valentine's texts and messages.  But by this point, Plaintiff's suspicions of foul play were mounting.

7

29. During this time and even months thereafter, Defendant sought further investment loans from Plaintiff. However, by now, Plaintiff was extremely concerned about what was happening and refused to invest any further until her prior funds were returned (which of course never happened).

30. Eventually, Plaintiff became concerned Mr. Ali was not being truthful about her funds, his purported investments, or his romantic interest. After receiving Valentine's texts in February 2024, Plaintiff texted "As of today, all 3 projects are past due. You didn't give me any documents either."

31. Defendant replied, "I am working on it. I'm trying to get the loans refinanced. … Just give me a little bit of time. You waited this long. Just give me a little bit more time to get organized, and I will get you your money."

32. The communications make clear Mr. Ali acknowledged the debt owed and he again and again promised Plaintiff she would receive her investment funds back as promised.

33. On or about March 24, 2024, Plaintiff texted Mr. Ali a breakdown of the funds loaned and the promised returns, stating:

- First project $30,000 investment and $14,000 profit
- Second project $22,500 investment and $10,000 profit
- Third project $35,000 investment and 35,000 profit

34. Defendant replied, "I have a closing coming up which should give me some money to pay portion of your money." **Ex. D – Acknowledgment of Debts.**

35. Defendant never sent Plaintiff her funds back. For months she asked Mr. Ali the status of these purported investments and why they were not in his name and where her money was. He again and again assured Plaintiff that all was well and that he would be paying her back.

36. Plaintiff soon learned that Defendant was being sued by various other parties. In October 2024 she confronted him in text messages about failing to disclose he'd been sued, stating, "Someone had sued you in the past. What kind of business is this???? So much unfaithfulness."

37. Defendant replied, "What are you talking about? …That's not possible. I'm 150% sure that is not possible. Maybe some company similar name but no way me or my brother for sure!!!"

38. This was not true. On September 7, 2023, a full year prior, Winnie Howard had sued Nauman Ali, Two Brothers Contract, Inc., A-1 Remodeling LLC in cause no. 1211239 in the County Court at Law no. 4 Harris County, Texas.

39. Defendant filed an answer to that Complaint January 5, 2024. He clearly knew he was being sued and knowingly and intentionally lied to Plaintiff about it.

40. The Defendant has scheduled two other lawsuits, one in Brooklyn, New York and another in Miami, Florida. **DK# 9, p. 59-60.**

41. Plaintiff also found out that Defendant had moved his residence. She asked Defendant what his address was, and Defendant gave Plaintiff his old address. It became clear to Plaintiff that Defendant was lying to her and trying to hide his new residence and living circumstances.

42. Plaintiff then learned that Defendant and his spouse had leased a home together September 2024. **Ex. E – Lease.**

43. Plaintiff was eventually informed by an acquaintance that Defendant had been married in a religious ceremony to Rahma Hashmi. Plaintiff has acquired information that this marriage occurred October 2023 – long before many of the romance communications were exchanged and one month after Defendant was asking Plaintiff about marriage. Plaintiff had sent

Defendant funds just two months prior being i) $30,000.00 on August 3, 2023, and ii) $22,500.00 on August 28, 2023.  Plaintiff also sent Defendant the final investment of $35,00.00 one month after it appears Defendant had married someone else.

44.     Defendant filed the underlying bankruptcy case March 18, 2025.  He has scheduled Plaintiff as an unsecured creditor for $85,000.00.

45.     Defendant also listed Broadacres Capital, the actual owner of 11910 Riverview Dr, Houston for $210,000.00.  **DK# 9, p. 19.**

46.     Defendant also lists Torro, LLC as a creditor for $36,250.00.  Torro rents cars and it is notable that when Mr. Ali met Plaintiff, he was driving a BMW as he presented himself as a successful property investor.  Plaintiff assumed Mr. Ali owned it.  It appears not as Defendant lists no vehicles.  **DK# 9, p. 1.**  It is currently unknown if Defendant's spouse owns any vehicles or has any unlisted accounts anywhere.  However, Plaintiff would show through evidence and testimony that Defendant regularly drives at least one vehicle daily.

47.     The romance scam aside, the evidence is clear Mr. Ali falsely represented he owned properties he did not, that he was engaged in investments he was not, that he was using Plaintiff's investment funds for investments when he was not, and that he acquired her funds through false pretenses and misrepresentations.

### Count I:  Breach of Contract

48.     The text messages, emails, and communications between Plaintiff and Mr. Ali clearly established the dates and amounts she loaned him under promises of stated returns.  Such amounts loaned sum $87,500.00.

49.     The communications further establish that Mr. Ali acknowledged the debt, knew he owed Plaintiff the funds, knew he was in default on return of payments, and breached the

10

contractual agreement(s).

50. Mr. Ali is liable for breach of contract. The parties had set forth clear terms. Plaintiff tendered performance. Defendant did not. Plaintiff has suffered significant damage including the loss of her investment funds of $87,500.00, as well as interest and incurred attorney fees and costs.

### Count II: Breach of Fiduciary Duty

51. Mr. Ali took Plaintiff's funds as purported investment funds for promised investments. Mr. Ali breached that duty when he converted the funds for his own personal use. His actions caused Plaintiff significant economic harm.

### Count III: Fraud / Fraud in the Inducement

52. Mr. Ali made numerous misrepresentations to Plaintiff which he knew were false or at minimum for which he showed a reckless disregard for the truth. He did so knowingly and intentionally to induce Plaintiff to loan him funds he knew he was not going to pay back and he knew he was not going to use as he was representing he was going to use. Plaintiff relief on Mr. Ali's false representations and statements and suffered significant economic loss because of it. She has suffered damages of $87,500.00 actual economic damages, interest, and incurred costs of litigation to protect her rights.

### Count IV: Money had and Received

53. Defendant acquired Plaintiff's funds by fraud and misrepresentation. In equity and justice the $87,500.00 belongs to Plaintiff and should be returned to Plaintiff.

### Count V. 11 U.S.C. § 523

54. 11 U.S.C. § 523(a)(2) provides that a discharge under bankruptcy does not discharge an individual Defendant from any debt obtained by

    a) False pretenses, a false representation, or actual fraud, other than a statement respecting the Defendant's or insider's financial condition;

    b) Use of a statement in writing –

        i) That is materially false;

        ii) Respecting the Defendant's or an insider's financial condition;

        iii) On which the creditor to whom the Defendant is liable for such money, property, services, or credit reasonably relied.

55. 11 U.S.C. § 523(a)(4) provides that a discharge under bankruptcy does not discharge an individual Defendant from any debt obtained by fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

56. 11 U.S.C. § 523(a)(6) provides that a discharge under bankruptcy does not discharge an individual Defendant from any debt caused by willful or malicious injury by the Defendant to another entity or to the property of another entity

57. The term "willful" means deliberate or intentional. *In re Therous*, 49 F.3d 728, at 3 (5th Cir. 1995).

58. "Although not defined by Congress, this court has interpreted the word 'malicious,' as used in Section 523, to mean 'without just cause or excuse.' *Seven Elves,* 704 F.2d at 245. Furthermore, in determining whether a Defendant acted without just cause or excuse, the court must apply an objective standard. *American Honda Fin. Corp. v. Grier (In re Grier),* 124 B.R. 229, 232 (Bankr.W.D.Tex.1991)." *Id*.

59. The evidence and testimony will show the Defendants' actions were without just cause or excuse.

## IV.
## CONCLUSION

The evidence and testimony will show that Mr. Ali acquired funds by false pretenses and false representations. He further misrepresented his financial condition in writing, including that he owned properties he did not and was engaged in profitable investments he was not. His actions were willful and malicious. He was portraying himself as a religious man interested in marriage with Plaintiff when in fact he was already in a relationship with someone else and by current known facts possibly already married. He lists himself as single when he is in fact married. Succinctly, he lied to Plaintiff and stole her $87,500.00 through deceit and fraud. Plaintiff seeks recovery.

## V. PRAYER

FOR THESE REASONS, Plaintiff Shabana Wadiwala prays the Court find and enter judgment against Mr. Ali in Plaintiff's favor for $87,500.00 and find such amount is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(4), and/or (6). Plaintiff further requests prejudgment interest from November 10, 2023, an award of reasonable attorney fees and costs, and for such further and other relief as the Court deems just.

DATED:    June 13, 2025

    Respectfully submitted,

    **HUGHES WATTERS ASKANASE, L.L.P.**

    By:    */s/ Michael Weems*
          Michael Weems
          TBN: 24066273
          Total Plaza
          1201 Louisiana, 28th Floor
          Houston, Texas  77002
          Telephone: 713-328-2822
          Facsimile:  713-351-0322
          Email:  mlw@hwa.com
          Counsel for the Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to the following parties on 13th day of June, 2025.

*Defendant*
Nauman Ali
20810 Fair Walnut Way
Katy, TX 77449

Alan Dexter Bordern
Resolve Law Group
25140 Kingland
Suite Blvd Suite 100
Katy, TX 77494

*Trustee*
Allison D Byman
Byman & Associates PLLC
7924 Broadway
Suite 104
Pearland, TX 77581

*U.S. Trustee*
US Trustee
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002
713-718-4650

/s/ *Michael Weems*
Michael Weems